IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**CARLOS DE LA PUENTE,**

    Plaintiff,

vs.                                                                                     CASE NO. 1:03CV132-MMP/AK

**UNITED STATES,**

    Defendant.

_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff originally filed this action as a motion for relief from judgment under Rule 60, which was docketed as a complaint, and he was ordered to file an amended complaint on the proper forms. (Doc. 2). Since Plaintiff appeared to allege claims against federal officers he was mailed a complaint form to assert claims under 28 U.S.C. §1331. (Doc. 2). In his amended complaint, Plaintiff complains of a traffic stop, search, and seizure, which occurred on May 19, 1992. (Doc. 4, p. 8). The search apparently resulted in Plaintiff's arrest and the forfeiture of $44,645.00 in currency found in the vehicle.

The undersigned reviewed the complaint and treated it as a civil rights complaint raising constitutional violations committed by state law enforcement officers during the arrest. The undersigned recommended that the amended complaint be dismissed because it had been more than four years since the alleged illegal seizure took place. (Doc. 8). See Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999)

(limitations period of 4 years applies to federal 1983 claims). Since the amended complaint could be read to assert similar claims against federal agents as well, the undersigned found these claims barred also. See Uboh v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998) (four year limitations period applies to Bivens actions). In his objections to the report and recommendation (doc. 10), Plaintiff claimed that he only learned that his property was being forfeited subsequent to the arrest and seizure in 2002, and the District Judge vacated the recommendation of dismissal "to consider whether the plaintiff's claim that he lacked notice of the forfeiture is factually and legally supported, and whether it renders his complaint timely." (Doc. 11).

Upon remand, the undersigned found that the case was more properly construed as a motion for return of property under Rule 41(g), Federal Rules of Criminal Procedure. (Doc. 14). The motion was served upon the government, which has now responded. (Doc. 15). Plaintiff has filed a rebuttal. (Doc. 17).

**I.  Facts**

According to the Statement of Facts submitted by the government, Puente was stopped by Alachua County deputies on May 19, 1992, for a traffic violation and $44,655.00 was found in the vehicle. (Doc. 15). When Puente and his wife were unable to explain the source of the money or to verify employment, a drug detecting canine was called to the scene and alerted to the presence of controlled substances on the money. It was then seized.

On October 5, 1992, a probable cause hearing was held before Circuit Judge Chester B. Chance, Circuit Judge for the Eighth Judicial Circuit in Alachua County, who

**No. 1:03cv132-mmp/ak**

found no probable cause for the forfeiture of the currency and ordered it returned to the Puentes in an order dated October 22, 1992. (Doc. 15, Exhibit 1; Doc. 17, Exhibit B). However, federal forfeiture proceedings were initiated on November 5, 1992, pursuant to 21 U.S.C. §881(a)(6), and according to the verified complaint filed in that cause, when Puente's attorney arrived at the evidence room to retrieve the currency pursuant to the state court order, he was met by federal agents who explained that they were seizing the currency. (Doc. 15, Exhibit 2). In an affidavit submitted with the complaint, Special Agent Erin Desmond with the Federal Drug Enforcement Administration, averred that the following facts supported probable cause to believe that the currency represents the proceeds of illegal narcotics activities in violation of 21 U.S.C. §§841 (a)(1), 846, 952, and 963, and was therefore forfeitable pursuant to 21 U.S.C. §881 (a)(6):

- Both Puente and his wife gave conflicting statements regarding the origins of the money and their travel plans;
- These statements were found to be false when officers attempted to verify them, including phone numbers for alleged employers and family members, as well as the occurrence of an accident which the Puentes explained resulted in a large insurance award and hence the source of the currency;
- The seized currency was bundled in a manner consistent with money used in narcotics transactions;
- A drug detecting canine positively alerted to the currency;

**No. 1:03cv132-mmp/ak**

- A criminal history check showed Carlos Puente to have multiple narcotics related arrests and convictions.

Presentation of this affidavit resulted in the issuance of a Warrant of Arrest in Rem on November 5, 1992, for the currency. On November 30, 1992, a Notice of Seizure was sent by certified mail to the addresses given for Susie De La Puente and Carlos De La Puente, but neither notice was claimed. (Doc. 15, Exhibits 4 and 5). The Notice of Seizure was published in USA Today on December 9, 16, and 23, 1992, (exhibit 6), and when no claim was made the DEA administratively forfeited the money. (Exhibit 7). The federal forfeiture proceeding was then closed, <u>United States v. 44,655.00</u>, Case No. GCA 92-10178-MMP. (Exhibit 8). By letter dated November 4, 1993, the DEA responded to an inquiry from Alvin L. Kendall, on behalf of the Puentes, and explained the history of the forfeiture proceedings. (Exhibit 9). A "Memorandum to the File" dated June 29, 1994, stated: "On this date, I spoke to Teresa Mami of attorney Alvin Kendall's law firm. I explained that forfeiture completed and property disposed of. However, if they want to challenge notice, they can put their argument in writing." (Exhibit 10).

The only subsequent communication by Puente was a Motion for Return of Property filed on August 14, 2002, in the United States District Court of the Northern District of Georgia, Case No. 1:94CR351-14-CC, which was dismissed for lack of jurisdiction and for lack of timeliness, and then the present cause of action which was filed on August 11, 2003.

Plaintiff's version of the facts, as set forth in his pleadings, are substantially the same as those presented by the government, except that he disagrees with the

**No. 1:03cv132-mmp/ak**

government's characterization of the confiscated money, which he claims was for his father's medical expenses, travel, and shopping expenses.  (Doc. 4, p. 8, Doc. 1).  His recitation of the events culminating in the confiscation, as well as the procedural history of the forfeiture of the money by state and federal agents is substantially the same.

## II.   Analysis

The government contends that probable cause supported the initiation of federal forfeiture proceedings brought pursuant to 21 U.S.C. §881, as evidenced by the Affidavit of Special Agent Desmond attached to the Arrest Warrant In Rem, and the Verified Complaint of Forfeiture filed in Cause No. 92-10178.  (Doc. 17, Exhibit 1).  It also contends that it fully complied with the statutory requirements of notice, and that Puente's claims are untimely.

Under 21 U.S.C. §881(a)(6), money intended to be furnished in exchange for a controlled substance may be forfeited.  Any property subject to forfeiture may be seized pursuant to the procedures set forth in 18 U.S.C. §981(b), upon the filing of a complaint and issuance of an arrest warrant in rem by a district court or if the property was lawfully seized by a state or local law enforcement and transferred to a federal agency.  The government argues, and provides documentation to support its argument, that it fully complied with this statute when it filed a verified complaint in the United States District Court for the Northern District of Florida, which issued an Arrest Warrant in Rem, and the money was seized by the DEA from the evidence room at the Alachua County Sheriff's Office.

**No. 1:03cv132-mmp/ak**

Under 21 U.S.C. § 881(d), customs laws apply to notice and claims by persons interested in forfeited property. A notice of seizure must be sent to the parties with interest in the seized property and published for three successive weeks in a newspaper of general circulation. 19 U.S.C. §1607. Attached to the verified complaint are copies of the Notices of Seizure dated November 30, 1992, mailed to Carlos Delapuente and Susie Delapuente at 628 McGruder St NE, Atlanta, GA 30312, and copies of the attempts by the United States Post Office to deliver the certified mail which went unclaimed. Also, attached are the Legal Notices regarding the forfeiture which were published in USA Today on December 9, 1992, December 16, 1992, and December 23, 1992.

In rebuttal, Plaintiff argues that the DEA knew he was being held in the Fulton County Jail on federal immigration violations when they sent the certified Notice of Seizure to his home address. Consequently, Plaintiff asserts that he was not afforded due process of law. Plaintiff also argues that probable cause did not exist for the forfeiture because Special Agent Erin Desmond, upon whose affidavit the federal action was based, did not have personal knowledge of the facts set forth therein because he was not present during the arrest by state officers. Plaintiff claims, too, that local law enforcement did not have the authority to seize the money on behalf of the federal government, and that the state court order dismissing the state court forfeiture proceeding with prejudice should have foreclosed the actions taken by the federal government.

**No. 1:03cv132-mmp/ak**

These are all valid arguments challenging the validity of the forfeiture itself, but the issue presently before the Court is only whether these arguments are foreclosed in this forum because they were not timely presented. Indeed, there are a number of cases where courts have held that due process rights were violated when the DEA mailed forfeiture notices to a person's home address when they knew or should have known he was incarcerated. See Krecioch v. United States, 221 F.3d 976 (7th Cir.), *cert. denied* 531 U.S. 1026 (2000); Lopez v. United States, 201 F.3d 478 (C.A.D.C. 2000); Armendariz-Mata v. United States, 82 F.3d 679 (5th Cir. 1996); Torres v. $36,256.80, 25 F.3d 1154 (2nd Cir. 1994). However, the initial question to be determined by the undersigned is whether these claims are foreclosed because Puente did not assert these claims within the limitations periods set forth by statute. It is this question that must be addressed before the Court gets to the merits of his underlying claim, i.e. whether the forfeiture was improper.

Under 18 U.S.C. §983, General Rules for Civil Forfeiture Proceedings,

> (e)(1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if–
>     (A) the Government knew, or reasonably should have known, of the party's interest and failed to take reasonable steps to provide such party with notice; and
>     (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.
> \*\*\*
> (E)(3) A motion under paragraph (1) may be filed not later than 5 years after the date of final publication of notice of seizure of property.

Under this statute, even taking Puente's claim as true that he got no written

**No. 1:03cv132-mmp/ak**

notice of the seizure and otherwise had no knowledge of the seizure, there is still a limitations period of five years to challenge the forfeiture. While the facts support Puente's claim that he did not get adequate written notice of the seizure by the DEA, there are a number of dates when Puente knew or should have known that his money had been seized by law enforcement and was not going to be returned. The earliest time would have been on October 30, 1992, when Puente's attorney in the state court proceedings came to collect the money on his behalf and was told that federal agents were seizing it. (See Verified Complaint, Doc. 15, Exhibit 2). Additionally, on December 5, 1992, Puente *and his wife* were served with the Notice of Seizure, and although Puente complains that he was in the Fulton County Jail and could not claim this notice, he does not explain why his wife did not pick up the certified mail that was addressed to her separately. See e.g. Crespo-Caraballo v. United States, 200 F.Supp.2d 73 (D. Puerto Rico 2002) (Notice of Seizure, although in English, should have put reasonable person on notice that letter was of legal significance and needed to be translated, rather than ignored). Puente does not claim that this address was incorrect or that they had moved nor does he explain why he did not check with his attorney or the United States Attorneys Office in the five years following this incident to ask why he had not yet received the $44,000.00 that belonged to him. Even if Puente was incarcerated for five years, there is no reason he could not make a phone call or write a letter to the state court or state law enforcement agencies to inquire as to why he had a state court order releasing the money, but had not yet received it. Nor does Puente explain why attorney Alvin L. Kendall, whom he obviously hired to inquire about the money in November

**No. 1:03cv132-mmp/ak**

1993, clearly within the statutory time period, took no further action with regard to the forfeiture.

The government argues that even if the six year limitations period set by the Tucker Act, under which procedurally deficient forfeitures can also be challenged, were applicable, this period would also have run from the time Puente first knew that his property was forfeited. See 28 U.S.C. §2401(a); see also United States v. Duke, 229 F.3d 627 (7th Cir. 2000) (where forfeiture occurs prior to enactment of Civil Asset Forfeiture Reform Act, six year statute of limitations applicable to civil suits challenging federal administrative action governs).

Puente did not bring this cause of action until August 11, 2003. A previous court case concerning the forfeiture of this currency was brought on August 14, 2002, in Georgia, and it was dismissed as untimely. The money was seized on May 19, 2002, and was ordered returned to the Puentes on October 22, 1992. Two attorneys representing the Puentes were made aware that the money was forfeited; one, on October 30, 1992, when he came to collect the money from state law enforcement and was advised by federal agents that a federal forfeiture proceeding had been initiated, and another, on November 4, 1993, when the DEA responded to an inquiry about the money. It is implausible to believe that neither of these attorneys related the information about the forfeiture to their client or that Puente was wholly restricted from any means of discovering the status of this large amount of currency whether he was incarcerated or not. Such delay is unreasonable and would without question prejudice the government's ability to support its contention that the forfeiture was proper if the court

**No. 1:03cv132-mmp/ak**

were to hold a hearing on the merits of Puente's claim.  As the cases cited by the government hold, the doctrine of *laches* is applicable to a forfeiture proceeding such as this.  See Little v. United States, 35 F.Supp.2d 538 (E.D. Mich. 1999); Vance v. United States, 965 F.Supp 944 (E.D. Mich. 1997); and United States v. Mulligan, 178 F.R.D. 164 (E.D. Mich. 1988).  There are three elements of laches: (1) delay in the assertion of a right or claim; (2) the delay is not excusable; and (3) the delay would cause undue prejudice to the opposing party.  Venus Lines Agency, Inc. v. CVG Intern. America, 234 F.3d 1225, 1230 (11th Cir. 2000).  There is a ten year delay in bringing this lawsuit from the time the money was first seized; Puente has asserted no real excuse beyond his not getting the written Notice of Seizure mailed to his home address; and it would clearly prejudice the government if it were called upon to provide any documentation or testimony about the events surrounding the seizure of this money which occurred over a decade ago.

In light of the foregoing, it is respectfully **RECOMMENDED** that this cause be **DISMISSED** as barred by the statute of limitations, either under 18 U.S.C. §983(e)(3) or 28 U.S.C. §2401(a), and under the doctrine of *laches*.

**IN CHAMBERS** at Gainesville, Florida, this **19th** day of May, 2006.


        s/ A. KORNBLUM
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**No. 1:03cv132-mmp/ak**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:03cv132-mmp/ak**